JACOBSON, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, April 12, 1904.

1. **CARRIERS OF PASSENGERS: Passenger Alighting: Notice to Conductor.** In an action against a street railway company for personal injuries, the petition alleged that while the defendant's car was at a standstill and the plaintiff in the act of alighting therefrom, as defendant's servants well knew, they negligently started the car and plaintiff was thereby thrown and injured. It was the custom for the motorman in operating one of defendant's cars to start and stop cars on the signal of the conductor. *Held,* notice to the conductor of plaintiff's intention to alight, was sufficient, without showing notice to the motorman, to make defendant liable for negligently starting the car while she attempted to do so.

2. ———: ———: ———: **Unusual Place.** Where a passenger while attempting to alight from a car, which had stopped, but not for the purpose of permitting passengers to alight, nor at the usual stopping place, was injured by the negligent starting of the car, the street car company was liable for injuries received thereby, if the conductor in charge of the car knew that she intended to alight.

3. ———: ———: Negligence: Willful Injury. Where the petition charged that the injuries were caused by the negligence of the defendant in so starting the car, an instruction authorizing a recovery though the plaintiff was negligent in attempting to alight from the car, if the starting of said car "showed a reckless and willful disregard of the plaintiff's safety," was erroneous as introducing an element foreign to the issues.

Appeal from St. Louis City Circuit Court.—*Hon. D. G. Taylor,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The defendant's instruction, offered at the close of all the evidence, asking the court to instruct that plaintiff was not entitled to recover, should have been given. The undisputed testimony shows: First. That the place at which plaintiff attempted to alight was not a regular stopping place for discharging passengers. Second. That the motorman in charge of the movements of the car knew nothing of plaintiff's position on the car. Third. That no signal of any kind was given by the conductor to the motorman until after the plaintiff had been injured. Fourth. That the car had not stopped for the purpose of discharging passengers. The negligence, and the only negligence, charged in the petition is, that while the car was at a standstill and plaintiff was in the act of alighting therefrom, as defendant's servants well knew, they carelessly and negligently started the car forward, and plaintiff was thrown and thereby injured. Plaintiff is confined to the specific act of negligence charged. She can recover upon no other. Huston v. Taylor, 140 Mo. 263; Bartley v. Railroad, 148 Mo. 124; Pryor v. Railway, 85 Mo. App. 367; Raming v. Railroad, 157 Mo. 506; Hite v. Railway, 130 Mo. 136; Link v. Vaughn, 17 Mo. 585; Duncan v. Fisher, 18 Mo. 403; Beck v. Ferrara, 19 Mo. 30; Robinson v. Rice, 20

Mo. 229; Harris v. Railroad, 37 Mo. 307; Ensworth v. Barton, 60 Mo. 511; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Clemens v. Yates, 69 Mo. 623; Waldhier v. Railroad, 71 Mo. 514; Harty v. Railroad, 95 Mo. 368; McManamee v. Railroad, 135 Mo. 440.    (2)    Plaintiff's instruction No. 2 does not correctly declare the law and should not have been given.   The first paragraph of the instruction attempts to define defendant's duty towards its passengers at a regular stopping place.   It has no application to the facts in this case.   No such duty existed towards the plaintiff as stated in this instruction. She was alighting at a point where the car had stopped, as she says, and as all the other evidence shows was merely going at reduced speed, for the purpose of making the switch.   It was not a regular stopping place, and, even if the car stopped, defendant owed the plaintiff no such duty as that imposed on it by the first paragraph of the instruction.   Jackson v. Railroad, 118 Mo. 199; Pryor v. Railway, 85 Mo. App. 367; Bachrach v. Railroad, 54 N. Y. Supp. 958; Kohler v. Railroad, 99 Wis. 33; Nellis, Str. Surf. Railroads, p. 484; Neville v. Railway, 158 Mo. 293; Railroad v. Mills, 105 Ill. 63. (3)   If plaintiff's contributory negligence be once conceded, as it is in this instruction, under the pleadings in this case, no amount of willfulness or recklessness, or willful or reckless disregard of plaintiff's safety, on the part of the defendant's servants, will permit a recovery.   Kellney v. Railroad, 101 Mo. 67; Holwerson v. Railroad, 157 Mo. 216; Tanner v. Railway, 161 Mo. 497; Van Bach v. Railway, 71 S. W. 358; Guyser v. Railroad, 73 S. W. 584.

*Thomas B. Harvey* and *Richard F. Ralph* for respondent.

(1)    The true rule of law is that if the car stops, or even slacks up (so as to indicate it is about to stop) after the announcement of a station or stopping place it be-

hooves the carrier not to indulge in any sudden jerks of his train which might injure passengers reasonably acting on the expectation of alighting. McGee v. Railway, 92 Mo. 208; Taber v. Railroad, 71 N. Y. 489; McNulta v. Ensch, 134 Ill. 46; Edgar v. Railroad, 11 Ont. App. 452; Moorman case, 78 S. W. 1089; Whittaker v. Railroad, 5 C. P. (L. R.) 464, note 3; Gadsden Co. v. Causler, 97 Ala. 235. (2) Defendant imagines that the first part of that instruction applies only "at a regular stopping place." We deny that. It applies to such facts as here appear, and it applies wherever the car stops, after an announcement of a street or stopping place, when a passenger undertakes to alight in the immediate view and presence of the conductor having charge of the car. Dawson v. Transit Co., 76 S. W. 689; Brassell v. Railroad, 84 N. Y. 241; Railroad v. White, 88 Pa. St. 327. (3) Plaintiff's second instruction required the jury to find that the car "was standing still" when plaintiff "attempted to alight from said car." As to the degree of care, in such circumstances, required toward passengers, the law of Missouri has been for years emphatically declared as stated in said instruction. Gilson v. Railroad, 76 Mo. 282; Clark v. Railroad, 127 Mo. 197. (4) From the prominence given (in appellant's motion for rehearing) to plaintiff's second and fourth instructions we are warranted in inferring that the court may possibly be in doubt lest something is wrong in the phraseology thereof. We believe, however, they can be successfully vindicated as applied to the facts in this case. (5) It is a proposition extremely well established in Missouri that a call for a finding of an immaterial or unnecessary fact (where the essential facts are also required to be found) is not reversible or prejudicial error. Houx v. Batteen, 68 Mo. 84; Wright v. McPike, 70 Mo. 175; State v. Ware, 69 Mo. 332; Gaty v. Sack, 19 Mo. App. 477; Monson v. Rouse, 86 Mo. App. 97.

STATEMENT.

The plaintiff, a widow approaching seventy years of age, about eight o'clock in the evening, May 23, 1902, took passage at Delmar avenue, on a Taylor or Euclid avenue car for Laclede avenue, on her way to her residence on the latter street. Hearing the conductor announce the name of the street the car was nearing, and believing she had passed the street at which she wished to get off, she arose, asked the conductor what street he had called and upon his replying Chouteau avenue, and that Laclede had been passed, she answered him she had gone too far and had told him she wished to get off at Laclede avenue. While talking, the car stopped, and concluding with the statement on her part that she had better get off, she proceeded, and while on the first step of the platform of the car, and without signal, it started with a jerk and threw her to the ground, causing her serious injuries. Such was the description by plaintiff of the occurrence; but the testimony was conflicting, whether the car had in truth stopped after passing Laclede avenue prior to plaintiff's attempt to alight, and whether merely the speed of the car had not been reduced to two miles per hour approaching the switch at King's Highway and Chouteau avenue, the regular stopping point being around the curve on Chouteau avenue.

The substantial portion of the statement of plaintiff's cause of action was as follows:

"Plaintiff further alleges that on or about May 23, 1902, the said defendant, by its agents and servants in charge of one of its cars, received the said plaintiff at or near the intersection of Euclid and Delmar avenues or streets in the city of St. Louis, Missouri, as a passenger on the said car, and for a valuable consideration by the plaintiff paid to the defendant, its agents and servants in charge of said car, said defendant undertook

and agreed with plaintiff to carry her safely upon its said car as such passenger, to her point of destination upon defendant's aforesaid lines of street railway, and to then allow her a reasonable time in which to alight in safety from said car.

"Plaintiff alleges that notwithstanding said facts said defendant, unmindful of its said agreement, and of its duty in the premises, did, by its servants in charge of its said car, whilst the said car was at a standstill at a point at or near the intersection of Chouteau avenue or street and King's Highway street or boulevard, in said city of St. Louis, Missouri, and whilst the said plaintiff, as defendant, its agents and servants well knew, was in the act of alighting from the defendant's said car, and before she had reasonable time to safely alight therefrom, so carelessly and negligently caused the said car to move and start forward with a sudden lurch and jerk, so that said plaintiff was in consequence of such careless and negligent starting of said car, thrown with great force and violence onto and upon the ground of said public street—whereby she was greatly injured," concluding with allegation of expenses incurred for remedies and medical service, and prayer for damages.

Defendant answered pleading specially, in addition to its general denial, contributory negligence in attempting to alight from a moving car, at a time and place, where it had not been stopped for the purpose of allowing passengers to alight, and at a place, not a usual stopping place for that purpose; and alighting after being warned not to do so, and after being told to wait, that the car would stop as soon as it got around the curve. From a verdict for plaintiff, defendant, after ineffectual effort for new trial, has appealed.

REYBURN, J. (after stating the facts.)—1. No complaint is made by defendant, nor any error assigned by it, in the course of the trial, except to and in the

instructions refused and given. The charge to the jury consisted of three instructions at instance of plaintiff, four at request of defendant, and one asked by defendant and given in modified form. The only instruction wholly refused was the imperative direction to find for defendant under the pleadings and all the evidence. The ruling of the trial court in rejecting the latter instruction, which appears to have been offered at close of all the evidence, is assailed upon the contention, if we apprehend the reasoning, that the single negligence averred, was, that while the car was at a standstill and plaintiff in the act of alighting therefrom, as defendant's servants well knew, they carelessly and negligently started the car forward, and plaintiff thereby was thrown and injured, and as plaintiff did not attempt to establish knowledge by the motorman that she was seeking to get off, such knowledge was necessarily restricted to the conductor, and in order to recover, the evidence must show that the conductor caused the car to move, and that the evidence alike for plaintiff and defendant, shows no act was done, and no signal given by the conductor until after the plaintiff's injury had been sustained, and authorities are cited to maintain the well-recognized doctrine that the evidence must correspond with the allegations, and plaintiff can not state one cause of action and recover upon another. The testimony tended to prove that the conductor had attracted the attention of the plaintiff by announcing a stopping place was being approached, and thereby inviting the passengers to leave the car when it was stopped; the conductor was the representative of defendant, in control of the movements of the car, and the motorman looked to him for notice by proper signals or movements of the public seeking to become passengers, or, having been passengers, desiring to alight. Notice to the motorman by plaintiff, of her purpose to get off and of her desire to have the car stopped, would have been unusual, and notice to or knowledge of the conductor of such purpose

imported knowledge of and notice to the motorman, and if actual notice by signal to the motorman was essential, it was the duty of the conductor to act. There was evidence introduced by plaintiff to the effect, that under the custom and practice of the defendant in the conduct of its cars, its conductors directed and regulated their movements, and when stopped for any purpose, the motorman started the car only after signal by the conductor. The evidence on behalf of plaintiff went to show that defendant, through its conductor, had knowledge that plaintiff was alighting, and through its motorman started the car; if any signal was necessary to apprise the motorman to hold the car motionless, sufficiently long for plaintiff to get off in safety, it was the plain duty of the conductor to give such signal, and he was remiss in failing so to do. If plaintiff's narrative of the event, as well as testimony of other witnesses on her behalf, was entitled to credit, there was substantial evidence tending to establish negligence in the servants of defendant, and the issue was properly for the jury and the court committed no error in declining defendant's instruction directing a verdict in its favor.

2. These instructions, together with an instruction submitted by defendant, but modified by the court, together with defendant's series of instructions given, constitute unitedly a charge to the jury presenting the issues in clear and correct manner, except in the regard presently designated. The defendant's measure of duty to plaintiff, if the latter was endeavoring to leave the car with knowledge of defendant's agent or representative, even if stopped at a point not a usual stopping place where passengers were in the habit of getting off, has been clearly defined by text-writers and decisions of this and sister States. An eminent authority has enunciated that a momentary stop, at a place at which passengers are not accustomed to alight, for the purpose of taking a signal for crossing another track, is not an invitation to a passenger to get off at such point; and the

carrier is not negligent, unless the person in charge of the car knew that the passenger intended to alight or had reason to suspect it. Nellis, Street Surface Railroads, p. 484.

In Jackson v. Railway, 118 Mo. 199, the Supreme Court approved an instruction that if the common carrier had stopped its car for any reason, if the fact was known to the conductor, that plaintiff, a passenger, was in the act of alighting, or desired to alight, it was the duty of the carrier to give such passenger a reasonable opportunity to alight before starting the car.

In Chicago, etc., v. Mills, 105 Ill. 63, a case relied on in the foregoing decision, the judge, announcing the conclusion of the court, adopts the following language: "It was of no consequence whether the car was stopped at instance of plaintiff or not, since the act of stopping was productive of no injury, and is in no respect complained of. It is sufficient while the car was stopped, parties were getting off, and the plaintiff, while attempting also so to do, with due care, was injured by reason of the negligent starting of the car by the defendant's servant."

The final instruction for plaintiff was as follows:

"5. And in connection with instruction No. 2, heretofore given on behalf of the plaintiff, the court further instructs the jury that although you may believe and find from the evidence that the plaintiff was guilty of negligence in attempting to alight from the car at a place which was not a street crossing or regular place for the discharge of passengers by defendant, or by alighting from the car after she had been warned by the conductor not to do so or to 'wait a minute;' yet, if you further believe and find from the evidence that the agents and servants of the defendant in charge of said car saw and knew that the plaintiff was in the act of alighting therefrom and suddenly started the car forward and thereby directly caused her to be thrown to the ground and to receive the injuries complained of;

and if you further believe that the starting of said car under such circumstances was negligent and showed a reckless and willful disregard of plaintiff's safety, then your verdict will be for the plaintiff, notwithstanding such alleged negligence on the part of plaintiff.''

The statements of plaintiff's cause of action was wholly silent as to any deliberate disregard of plaintiff's safety, but the fault therein imputed to defendant was the wrongful act of defendant's agents and servants, while plaintiff was in the act of alighting from the car of which they were fully aware, and before a reasonable time was afforded her to safely alight, in carelessly and negligently causing the car to move and start forward suddenly.

In Raming v. Railway, 157 Mo. 477, the Supreme Court in a decision, which, in this respect was without dissent, pointed out the clear distinction between negligence and wanton acts, and sustained by weight of authority, declared the question of negligence could not arise where the act complained of was intentional, that negligent and deliberate injuries could not coexist.

The present instruction, in the concluding paragraph, exacts that the jury should believe that the starting of the car under circumstances previously mentioned was negligent, and showed a reckless and willful disregard of the safety of plaintiff, thus injecting an element foreign to the issues, to the pleadings and to the proof, and inconsistent with the instructions declaratory of contributive negligence, for if the act, the basis of an action, be willful injury, the contributory fault of the sufferer is no defense to the wrongdoer. Raming v. Railway, supra, l. c. 507, and authorities cited therein. The interposing of such feature repugnant alike to the theory relied on by the plaintiff in her petition, and to the trial evidence, as well as to the rules of law expressed in other instructions, for the consideration of the jury could not have failed to confuse and perplex the deliberation upon the verdict to the prejudice of de-

fendant. The judgment is therefore reversed and the cause remanded. *Bland, P. J,* and *Goode, J.,* concur.

