MARGARET C. MURPHY, Respondent, v. METRO-
    POLITAN STREET RAILWAY COMPANY, Ap-
    pellant.

Kansas City Court of Appeals, May 6, 1907.

1. PASSENGER CARRIERS: Petition: Uncertainty: Alighting
    Passenger.  A petition is examined as to whether it declares on
    the wrongful act of starting a car stopped at a regular station
    for receiving and discharging passengers or on negligently start-
    ing a car stopped at a point other than a regular stopping place,
    and it is held that the averment is sufficient to cover either con-
    dition, and while subject to a timely motion to make more defi-
    nite it is held sufficient after verdict to support an action of pre-
    maturely starting a car stopped at a regular station while the
    passenger was in the act of alighting.

2. ———: ———: ———: ———: Evidence.  Where a street car
    stops at the invitation of the passengers to let them alight, the
    conductor has no right to give a signal to start until he has
    seen that all have safely alighted, and the evidence is held
    sufficient to sustain an action whether the stoppage was at a
    regular or unusual stopping place.

3. ———: ———: ———: ———: ———.  When a street car is
    momentarily stopped at a place not used as a regular station
    for some purpose not connected with the action of the passen-
    gers there is no implied invitation to them to alight, and if a
    passenger attempts to alight and is injured by the starting of
    the car the carrier cannot be charged unless the conductor had
    notice of their intention to alight; but the facts do not admit
    the application of this  doctrine to the case in judgment.

4. ———: ———: Instruction: Conductor's Duty.  An instruction
    placed plaintiff's right to recover on the fact that the car stop-

ped before she had reasonably sufficient time to leave it, but there was no such averment in the petition. *Held,* the carrier could not complain since it imposed an unnecessary burden upon the passenger, because a conductor cannot assume from the fact of a sufficient stoppage to enable passengers to alight that passengers had accomplished their exit in safety, but is charged with the duty of looking to the places of exit before sig-naling to start.

5. ———: **Alighting Passenger: Negligence: Contributory Negligence: Instruction: Pleading.** A contention that as the evidence did not tend to accuse defendant of negligence, it was prejudicial to submit the passenger's conduct to the jury by an instruction on contributory negligence, is overruled, since the evidence raises the question of contributory negligence and the answer pleaded it as a defense; and, besides such instruction only placed an additional burden on the passenger, of which the carrier could not complain.

6. **EVIDENCE: Personal Injury: Question: Irresponsive Answer: Timely Objection.** Where the question is proper and the answer is partially not responsive but improper, a prompt motion to strike out is necessary or the error is waived.

Appeal form Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1) The court erred in refusing to sustain the demurrer of appellant. There was no evidence that the employees saw or might have seen plaintiff getting off the car, and the physical facts disproved her evidence in relation to the same. Jackson v. Railroad, 118 Mo. 220; Price v. Railroad, 72 Mo. 416. (2) The court erred in giving instructions asked by the plaintiff. Instruction one ignores the issues tendered by the pleadings. Jackson v. Railroad, 118 Mo. 220; Price v. Railroad, 72 Mo. 416; McCarty v. Rood, 144 Mo. 397; Chitty v. Railroad, 148 Mo. 75; Jackson v. Transit Co., 106 Mo. App. 346; Luckel v. Century Bldg., 177 Mo. 631. (3) Authorizes a verdict on issues not tendered by the

petition. Helena Creamery Co. v. Atkinson, 90 Mo. App. 402; Haynes v. Pearson, 100 Mo. App. 555; Hamilton v. Railroad, 114 Mo. App. 509; Corum v. Railroad, 113 Mo. App. 635. (4) Instructions three and four are misleading and inapplicable to the facts shown in evidence. Rinard v. Railway, 164 Mo. 288; Vogel v. West Plains, 73 Mo. App. 624; Peck v. Transit Co. 178 Mo. 624. (5) Reception of improper evidence. Dr. Alice Cline's evidence was conjectural and speculative. Graney v. Railroad, 140 Mo. 89; Chamberlin v. Power Co., 158 Mo. 1; Goble v. Kansas City, 148 Mo. 470; Smart v. Kansas City, 91 Mo. App. 586.

*Charles R. Cooksey* and *Bird & Pope,* for respondent, filed argument.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. The judgment was for plaintiff in the sum of $1,229 and the cause is here on the appeal of defendant.

The evidence of plaintiff, in substance, shows that on April 30, 1904, at about ten o'clock p. m., she became a passenger on an electric car operated by defendant on the Indiana avenue line of its street railway system in Kansas City. She boarded the car at Thirteenth and Main streets and her destination was Nineteenth street and Tracy avenue. The car traveled in an easterly direction while running on Nineteenth street and as it approached Tracy avenue, plaintiff first pushed an electric button to give the signal to stop and, finding that the bell did not ring, turned to a conductor who was standing in the rear part of the car and asked him to give the signal. He gave it, and in response thereto the motorman brought the car to a full stop at Tracy avenue, but on account of the darkness, the witnesses for plaintiff could not say at what particular point on the crossing. Plaintiff waited until the car came to a standstill before leaving her seat and then proceeded with due

dispatch to depart. She reached the rear vestibule and was in the act of stepping from the platform to the first step when the car started forward suddenly and she was thrown to the street and injured. Just as the car started, someone rang the bell three times, which was the signal for an emergency stop, and the motorman immediately applied the brakes and stopped the car when it had run, perhaps three or four feet. There was no direct evidence offered by plaintiff to the effect that the point at which the car first was stopped was a regular stopping place for the discharge and reception of passengers. The conductor in charge of the car was in the front part thereof collecting fares during the occurrence, and was not the one whom plaintiff requested to give the signal to stop.

On behalf of defendant, the evidence tends to show that as the car approached Tracy avenue, a signal to stop was given and the conductor in charge of the car testifies that he was the person who gave the signal and that it was given for the purpose of permitting passengers to alight. In obedience thereto, the car did come to a full stop at the east line of Tracy avenue, and several passengers alighted from it. One of the witnesses who claims to have observed plaintiff, states that two departing passengers preceded and two followed her. All of the witnesses for defendant agree in the statement that plaintiff attempted to step to the street before the car had come to a stop and while it was going at the rate of two or three miles per hour. The motorman who was called by defendant as a witness, testified, in effect, that he brought the car to a standstill at the east line of Tracy avenue, the usual stopping place.

The negligence charged in the petition is "that on or about April 30, 1904, and at about the hour of 10:30 p. m. of said day, plaintiff was a passenger on an electric car of said defendant, east bound on said East Nineteenth street, and when said car reached a point at or

near said East Nineteenth street and Tracy street, it came to a stop and plaintiff started to alight therefrom, and while plaintiff was in the act of alighting therefrom to the street or ground, said car was carelessly and negligently started or allowed to move forward by said defendant and its agents, servants and employees in charge of said car, whose names are unknown to plaintiff, although said defendants, its servants, agents and employees knew, or by the exercise of reasonable care should have known that plaintiff was in the act of alighting from said car, and plaintiff by reason of the said starting or moving forward of said car was thrown from said car to the street and pavement, whereby she received the following wounds," etc. The answer, in addition to a general denial, contains a plea of contributory negligence.

It is urged by defendant that an instruction in the nature of a demurrer to the evidence which it asked at the close of the evidence should have been given. It is claimed that the cause of action pleaded is not founded on a wrongful act of the defendant in starting a car which had stopped at a regular station for the purpose of receiving and discharging passengers, but is based on negligence in starting a car which had stopped at some point other than such regular stopping place. It must be conceded no specific averment appears in the petition that the place at which the car stopped was a regular station and that the cause pleaded might have been sustained by proof of negligence in starting the car while plaintiff was alighting, though it had been stopped at some place not designated or established as a regular station. But defendant is in error in assuming that the cause pleaded is restricted in its scope to that kind of a cause. The omission of an allegation respecting the character of the place at which the car stopped had no other effect than to expand the limits of the cause pleaded to include, not only negligence involved in an act

125 App—18

of starting a car, stopped at a place other than a regular station, but also negligence in starting a car stopped at such station. Defendant, by the timely filing of a motion to make the petition more definite and certain, would have been entitled to a more specific pleading. But instead of taking this course, it chose to meet the broad issues tendered, and, if the evidence before us will sustain the charge of negligence embraced in the act of prematurely starting the car after it had stopped at a regular station while plaintiff, a passenger, was in the act of alighting, defendant is in no position to assert that such act is beyond the legitimate scope of the cause of action pleaded.

Not only does the evidence sufficiently show that the point at which the car stopped was a usual stopping place, but it is admitted by the conductor that the stop was made for the express purpose of permitting passengers to depart. Actual knowledge on his part of this contemplated action of passengers imposed on him the performance of the duty of holding the car stationary until all of them had reached the street in safety, and the extent and character of this duty was in nowise lessened or changed by the fact—had it been a fact—that the car, in obedience to his signal, stopped at a point not designated or used as a regular stopping place. His compliance with the request of passengers to stop the car was an invitation to them to depart at that place and, knowing they were acting on this invitation, he had no right to give the signal for it to start until he had seen that all of them had safely alighted. So that, under the conceded facts before us, it is really immaterial whether or not the stop was made at a regular station. And, if we believed that the cause of action pleaded embraced no wider scope than that claimed by defendant, nevertheless, we would hold the evidence sufficient to sustain the negligence averred.

We give ready sanction to the doctrine that where

a car is momentarily stopped at a place not used as a regular station and for some purpose not connected with the action of passengers, no invitation to passengers to alight may be implied and, if in such case, a passenger attempts to alight and is injured by the starting of the car, the carrier cannot be charged with negligence unless the person in charge thereof knew that passengers intended to alight or had reason to suspect it. [Jacobson v. Transit Co., 106 Mo. App. 339; Nellis, Street Surface Railways, p. 484.] The facts before us do not admit the application of this doctrine, but as we have stated, come under the rule that where a person in charge of a car has actual knowledge of the fact that passengers are alighting, his duty to them is the same, whether the stop is made at a regular stopping place or at some other. The demurrer to the evidence was properly overruled.

What we have said answers the objections made to the first instruction given on behalf of plaintiff, with one exception. It is said that it was error to include in the hypothesis on which a verdict should be returned for plaintiff the fact that the start was made "before plaintiff had a reasonably sufficient time to leave said car." There is no allegation of this fact in the petition, and the point is made that its incorporation in the instruction enlarged the cause of action pleaded, but this is not so. Whether or not the car stopped a sufficient time to permit plaintiff to accomplish her departure in safety is entirely immaterial to her right of recovery. In the operation of street cars, the conductor in charge has no right to assume, from the fact that a car has been held stationary for a time reasonably sufficient to enable passengers to alight, that such passengers have accomplished their exit in safety, but is charged with the duty of looking to the places of exit before giving a signal to start to see that none is in the act of alighting. [Nelson v. Railway, 113 Mo. App. 702.] The presence in the in-

struction of the fact under consideration could have no other effect than unnecessarily to restrict plaintiff's right to recover, and, consequently, the error—if any— was against plaintiff and is one of which defendant cannot complain.

Complaint is made of the giving of instructions asked by plaintiff on the issue of contributory negligence. It is conceded the instructions, in themselves, are unobjectionable but it is argued that as none of the evidence tended to accuse plaintiff of negligence, it was improper and prejudicial for the court to treat her conduct as an issue to be submitted to the jury. Concede it is true, as defendant says, that the only effect of the evidence offered by it was to disprove the cause of action pleaded by showing that plaintiff was not injured by the sudden starting of a stationary car while she was in the act of alighting, but by her voluntary act in stepping from the car while it was running at an appreciable rate of speed, and that the rejection by the jury of this contention left the evidence barren of any fact or circumstance on which a charge of negligence against plaintiff reasonably might be founded, the answer to this argument is that defendant, in its answer, raised the issue of contributory negligence and chose to permit the case to be submitted to the jury without attempting to withdraw that issue from their consideration. Plaintiff was entitled to have the jury instructed on every issue tendered by defendant and we fail to perceive how defendant could have been injured by the fact that the court treated the evidence as possessing some weight to sustain an affirmative issue presented by defendant when, in fact, it was devoid of such probative substance. In asking the instructions, plaintiff, in submitting her own conduct to the jury, merely assumed a greater burden than the evidence warranted, as she was entitled to an instruction removing that question from the field of debate. Had defendant feared then, as it appears to .

think now, that to "focus the mind of the jury on the actions of plaintiff" would have an effect prejudicial to defendant, it could and should have obviated that possibility by requesting the court to withdraw the issue of contributory negligence from the consideration of the jury.

And, further, we may add that we do not agree with defendant that plaintiff should be held in law to have been free from negligence. All of the facts and circumstances in proof (some of which we have not mentioned in the statement) present her conduct as a subject about which reasonable minds well might differ, and we suspect that if the learned trial judge, at the request of plaintiff, had peremptorily instructed the jury to find for her on the issue of contributory negligence, we now would be confronted with a far more serious question than that before us.

The last objection made by defendant relates to a ruling of the learned trial judge in the admission of evidence offered by plaintiff. A physician who treated plaintiff for her injuries was asked by counsel for plaintiff to give testimony as an expert concerning the natural results to be anticipated from the disorder under which the witness found plaintiff to be suffering. The question, though objected to by defendant, was proper and need not be repeated, as we do not understand defendant now claims that error was committed in the overruling of its objection to the question. The complaint of defendant relates to the answer given by the witness which, in part, was responsive to the question, but which contained statements that were unresponsive and of no evidentiary value. The record does not disclose that defendant moved to strike out the improper portion nor made objection to it of any kind. Had counsel for defendant moved to strike out this unresponsive matter thus injected by the witness, we must assume the trial court would have sustained

the motion. An objection to a question asked a witness possesses no other function than to advise the court that the propriety of the question and of an answer responsive thereto is put in issue by the objector. It does not reach unresponsive statements included in the answer. Such statements may be put in issue only by motion to strike out or its legal equivalent, and if the answer is suffered to pass unchallenged, the right to complain is waived. [Waddell v. Railroad, 113 Mo. App. 680.] As defendant failed to complain to the trial court in proper and timely manner, it now cannot be heard.

Judgment is affirmed. All concur.