LOUISA WADDELL, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **NEGLIGENCE: Crossing Railroad Track: Concurring Negligence: Last Chance.** One crossing a railroad track oblivious of her surroundings is guilty of negligence and the railroad company will not be liable for the concurring negligence of the motorman unless he could have stopped the car and prevented the injury after he became aware of the danger.

2. ——: ——: **Expert Opinion: Physical Law.** Under the conditions described it is held a question for the jury whether a car could be stopped within fifteen feet, since it was for the jury to determine the truth of expert testimony to that effect and not for the court to condemn such evidence as contradicting physical law.

3. '——. ——: **Evidence as to Mob.** In a trial to recover damages for personal injury on the ground of negligence of a motorman, evidence of a witness that the crowd would have mobbed the motorman is barren of probative value and inflammatory.

4. **EVIDENCE: Objection: Motion to Strike Out.** An objection goes to the question and may not direct notice to the answer; improper statements of a witness in his answer should be pointed out and objection thereto made by motion to strike out or they are waived; the objection discussed in the opinion was in substance a motion to strike out and should have been sustained.

6. **PERSONAL INJURY: Damages: Future Injury: Instruction.** Speculative, contingent or merely probable results are not proper elements of damages and the jury should be so informed.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Chas. A. Loomis* for appellant.

(1) The evidence at the trial and the undisputed facts clearly prove that respondent was guilty of such contributory negligence as would bar a recovery. Reno v. Railway, 180 Mo. 487-8-9; Roenfelt v. Railway, 180 Mo. 554; Hook v. Railway, 162 Mo. 569; Tanner v. Railway, 161 Mo. 497; Holwerson v. Railway, 157 Mo. 216; Davies v. Railway, 159 Mo. 1; Peterson v. Railway, 156 Mo. 561; Van Bach v. Railway, 171 Mo. 338, 1. c. 347; Boyd v. Railway, 105 Mo. 371; Gettys v. Transit Co., 103 Mo. App. 564; Lien v. Railway, 79 Mo. App. 475; Watson v. Railway, 133 Mo. 246. (2) Where both parties have been guilty of negligence which directly contributed to cause the injury, there can be no recovery. Hogan v. Railway, 150 Mo. 55; Smith v. Railway, 52 Mo. App.

41; Watson v. Railway, 133 Mo. 251; Davies v. Railway, 159 Mo. 1; Moore v. Railway, 176 Mo. 528; Zumault v. Railroad, 175 Mo. 288; Fellens v. Railroad, 80 S. W. 51. (3) In the absence of evidence showing something in the manner, conduct or appearance of the plaintiff, that would indicate she was unmindful of her surroundings or that regardless of them she was intending to pass over defendant's track, unmindful of the advance of the fast approaching car, defendant's trainmen had the right to presume that plaintif would have stopped at some convenient distance in the street without the danger line of the car's fixed course, and permit it to pass in advance of her, and had the right to presume that the plaintiff would use her eyes and ears to observe or hear the approaching car. Reno v. Railway, 180 Mo. 489; Van Bach v. Railway, 171 Mo. 338; Guyer v. Railway, 174 Mo. 351. (4) Where the plaintiff is guilty of such contributory negligence as to preclude a recovery by heedlessly walking upon the track directly in front of a fast approaching car without looking or listening for its approach, she cannot recover unless, after plaintiff had thus put herself in a position of danger, the motorman of defendant employed in the operation and management of the train was guilty of such willful, reckless and wanton disregard of human life that the defendant should not be heard to say that the plaintiff was guilty of such negligence. Tanner v. Railway, 171 Mo. 511; Moore v. Railway, 176 Mo. 528; Gettys v. Railway, 103 Mo. App. 572; Zumault v. Railroad, 175 Mo. 313, 314, 315; Roenfelt v. Railway, 180 Mo. 554; Koons v. Railway, 178 Mo. 608. (5) If, however, the undisputed facts show that the injured party was guilty of such contributory negligence as will preclude a recovery and if there is no evidence of a willful, reckless or wanton disregard of human life, on the part of the operatives of the train, there is nothing for the jury to pass upon and the Court should have sustained a demurrer to the evidence. Moore v. Railway, 176 Mo. 528; l. c., 545; Tanner v.

Railroad, 161 Mo. 497; Kelley v. Railroad, 101 Mo. 67; Holwerson v. Railroad, 157 Mo. 216; Van Bach v. Railroad, 171 Mo. 338; Guyer v. Railroad, 174 Mo. 344; Gettys v. Railroad, 103 Mo. App. 572; Zumault v. Railroad, 175 Mo. 288; l. c. 313, 314, 315; Roenfelt v. Railroad, 180 Mo. 554.

*Bird & Pope* and *T. J. Madden* for respondent, submitted a lengthy argument.

JOHNSON, J.—Action for damages resulting from injuries alleged to have been caused by defendant's negligence. The answer contained a general denial and a plea of contributory negligence. Plaintiff recovered judgment in the sum of two thousand dollars. It is first insisted by defendant that its request for a peremptory instruction should have been sustained. The facts are as follows:

Plaintiff, seventy-five years of age, in attempting to walk across Fourteenth street in Kansas City, near the intersection of that street with Penn avenue, was struck by a west bound car on the "Observation Park" line of defendant's street railway system and injured. The line ran east and west on Fourteenth street and consisted of two tracks, the north track being used for west-bound cars and the other for those going in the opposite direction. Plaintiff coming from the south on the west side of Penn avenue stopped when she reached the curb on the south line of Fourteenth street for an east-bound car to pass, after which she proceeded to walk across at an ordinary gait. She left the sidewalk on the south side of Fourteenth street a few feet west of a prolongation of the property line on the west side of Penn and walked in a northwesterly direction. In crossing she did not look to right or left and was unaware of the approach of the west-bound car. She wore a sunbonnet which confined her vision to the line of her travel. The testimony introduced by her shows that she was struck when

about two feet north of the south rail of the north track; that the motorman in charge of the car was looking towards the north and did not see her, and that he failed to ring the bell or give any other warning. The time of the occurrence was in broad daylight. There was no obstruction to prevent plaintiff from seeing the car if she had looked, nor the motorman from observing plaintiff if he had been attending to his business. The car was going eight or nine miles per hour, up grade and carried a heavy load of passengers.

That plaintiff was guilty of contributory negligence in thus coming into collision with a moving car cannot be gainsaid. She had no right to be "oblivious to her surroundings" while crossing railroad tracks, but should have been on the lookout for approaching cars. Her eyesight and hearing were not defective. All she had to do was to use her senses and the accident would have been avoided. Her negligence concurred with that of the motorman in failing to give warning, from which it follows that defendant cannot be held liable without it appears that the motorman could have stopped the car in time to have prevented injuring plaintiff after he became aware, or by the exercise of reasonable care could have known of her ignorance of the danger which confronted her and of her purpose to enter into it.

The motorman, introduced as a witness by defendant, testified that when he entered Penn avenue he shut off the power (the car was propelled by electricity) for the purpose of slackening speed in making the crossing; that he was standing with his hand on the brake wheel, was looking ahead and was ringing the bell; that he first noticed plaintiff intent upon going ahead unmindful of the presence of the car when she was twelve or fifteen feet from the north track and the car twenty-five feet from the place of collision; that he "hollered" at plaintiff and started to apply the brakes with all possible speed; whereupon plaintiff, instead of stopping, started to run across ahead of the car.

Waddell v. Railroad.

An expert witness offered by plaintiff said that under the conditions described, the car could have been stopped in fifteen feet. If this evidence is to be considered, an issue of fact was presented under the admission of the motorman that he knew of plaintiff's peril when his car was twenty-five feet from the place of contact and the testimony of other witnesses that he made no attempt to stop and that plaintiff, up to the time the car struck her, had no knowledge of its presence. We do not feel justified in pronouncing plaintiff's expert evidence unworthy of belief as being in opposition to the law of physics. Under the conditions described it does not appear to be an unreasonable conclusion to say that the car could have been stopped, had a reasonable effort been made, in the distance the motorman says intervened between the car and the place of collision when he first observed the danger which threatened plaintiff. The issue was one of fact for the jury unless it can be said that the negligence of plaintiff concurred with that of defendant in producing the injury.

In the recent case of Ross v. Metropolitan Street Railroad Company, 113 Mo. App. 600, analogous in essential features to the one before us, we held that when a person is not wantonly entering into a certain danger, but is negligently ignorant of its presence, his negligence is superseded as a proximate cause by that of the driver of the vehicle who knowing, or being in position to know of his peril in time to prevent injury, negligently runs into him. This rule has the support of the weight of authority and is prompted by dictates of reason and humanity. [Heinzle v. Railway, 182 Mo. 528; Bunyan v. Railway, 127 Mo. 12; Holden v. Railway, 177 Mo. 456; Sepetowski v. Transit Co., 102 Mo. App. 110; Jett v. Railway, 178 Mo. 664; Meeker v. Railway, 178 Mo. 173; Cooney v. Railway, 80 Mo. App. 226; Morgan v. Railway, 159 Mo. 275.] The peremptory instruction was properly refused.

The following is from the direct examination of one of plaintiff's witnesses:

"Q. Now, after the car stopped did the motorman get out? A. Well, no; it was a good thing he didn't, too. Q. How is that? A. He didn't stay there any longer than he had to. They would have mobbed him." Counsel for defendant: "I object to that as stating the opinion of the witness; as irrelevant, incompetent and immaterial." The objection was overruled. The claim of defendant that the matter injected by the witness into his answer was extraneous to the issues and highly prejudicial must be sustained. It is evident the witness proposed to convey to the jury the impression that in the opinion of those who saw the accident the conduct of the motorman was so inhuman and reckless that it excited intense anger against him. The opinion of the witness relative to the thoughts and feelings of others was barren of probative value and was gratuitously and offensively thrust into the case. The offense was deliberate, its purpose inflammatory, and the effect intended malevolent to defendant. The objection should have been sustained and the statement excluded from the consideration of the jury. But plaintiff says that defendant's objection was neither timely nor in proper form, and that the right to complain of the impropriety must therefore be deemed to have been waived. As a rule, the right to object to an improper question must be exercised before the answer is made, as it savors of "sharp practice" for a party to speculate upon the chance of an answer favorable to him, and then object when it is against him. [Foster v. Railway, 115 Mo. 183.] But here, the question was unobjectionable for it will readily be seen that the fact inquired about had some bearing upon the case. The vice in the answer lay in the unresponsive matter volunteered. The objection immediately following the answer was offered at the first opportunity and therefore was in time. [State v. Foley, 144 Mo. 619.]

As to the form of objection, plaintiff is right in

saying that the usual practice in calling the attention of the court to unresponsive and improper statements contained in the answer of the witness is by motion to strike out such matter. An objection goes to the question asked and frequently does not direct notice to the answer. [Barr v. Kansas City, 121 Mo. 29; State v. Eisenhour, 132 Mo. 145; Hollenbeck v. Railway, Co. 141 Mo. 97; State v. Rapp, 142 Mo. 449; 1 Thompson on Trials, section 715-16.] Improper statements of witnesses must be pointed out and objected to, else the right to complain is waived. The fundamental principle controlling the subject is that the trial court must be given a fair opportunity to correct errors as they arise. Parties will not be permitted to take advantage in the appellate court of errors concealed from the trial judge, or to which his attention has not been specifically directed. But where it appears that objectionable statements in the answer of the witness have been made a subject of timely and specific complaint, the function of a motion to strike out is accomplished and its purpose subserved. Such motion is but a form of objection and is not devoid of legal equivalents. The objection under consideration was in substance a motion to strike out, and will be so regarded. The error was harmful and requires that a new trial be ordered.

In plaintiff's third instruction the direction relating to damages for future pain and suffering is subject to the criticism that it failed to restrict the consideration of the jury to such damages as are reasonably certain to result from the injury. Speculative, contingent or merely probable results are not a proper element of damages. [Ballard v. Kansas City, 86 S. W. Rep. 479; 110 Mo. App. 391; Wilbur v. Railway, 85 S. W. Rep. 671, 110 Mo. App. 689.]

For these errors the judgment is reversed and the cause remanded. All concur.