**STATE of Missouri, Respondent,**

v.

**Wendell WILLIAMS, Appellant.**

No. 52131.

Supreme Court of Missouri,
Division No. 2.

June 12, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Raymond Peltzman, Special Asst. Atty. Gen., Kansas City, for respondent.

J. Whitfield Moody, J. Arnot Hill, The Legal Aid & Defender Society, Kansas City, for defendant-appellant.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of burglary in the second degree and he has appealed from the ensuing judgment.

A jury reasonably could find from the evidence that on April 9, 1965, defendant broke open the desk in the office of the S. Patti Construction Company at 1340 Admiral Street, Kansas City, Missouri, and took therefrom a pad of printed company checks. However, he was charged with burglary, second degree, and not with stealing, and an essential element of the offense charged is that there was a "breaking and entering" of the building by defendant. § 560.070 RSMo 1959, V.A.M.S.; State v. Whitaker, Mo., 275 S.W.2d 316; State v. Ewing; Mo., 298 S.W.2d 439. Mr. Patti, general manager of the S. Patti Construction Company, testified that on April 9, 1965, he was on the premises of the company at 1340 Admiral Boulevard and left them about five o'clock in the evening, and that at that time the building "was in good shape." He did not testify that all

the windows and doors of the building were closed or locked, and he did not testify that the "window in the basement area" was closed or locked, or that when he left at five o'clock that it had not been forced and entered. He did state that he had not "given permission" for anyone to "break" into the building. He also said that he did not know "who it was if anybody," who broke into the building. After Mr. Patti testified that the windows in the office were closed and had not been damaged, the following occurred:

"Q. [By the assistant prosecuting attorney] What about the rest of your building, Mr. Patti?

"A. The window in the basement area had been forced and entered into.

"Q. Did you observe this window yourself?

"A. No, I did not.

"Q. Did you examine it following this time?

"A. No, I didn't.

"Q. So you were simply told that that window was pried open?

"A. Yes, sir.

"Mr. Kirwin: [defense counsel] Of course, we object to any statement as being hearsay.

"The Court: Sustained."

Mr. Patti then testified that he had not ascertained "whether or not any other part" of the building had been broken into.

■ Defendant had no reason to object to the *question* pertaining to the "rest of your building." Also, at the time the answer to that question was made he had no reason to object to it because it did not in any way indicate that the witness was not testifying from personal knowledge. However, the next three questions and answers clearly revealed that the witness was

not testifying from personal knowledge, but that his answer that the window in the basement area had been forced and entered was based solely on hearsay. Defendant then objected "to any statement as being hearsay," and the court *sustained* the objection. Admittedly, in view of the fact that the objectionable answer had been made, good trial practice called for a motion to strike out the answer with a more complete statement of the reason therefor than was made. State v. Battles, 357 Mo. 1223, 212 S.W.2d 753; State v. Tyler, Mo., 306 S.W.2d 452. However, it cannot be said that the trial court was not reasonably well informed to what defendant objected and the reason therefor. Generally an objection, as that term is used, is directed to a question, and a motion to strike is directed to an answer, but both are objections; one to the question, the other to the answer. It would be technical beyond justification to say that an "objection" to an answer on the ground that it was hearsay was not in fact a request to have the answer excluded from the consideration of the jury.

■ In Waddell v. Metropolitan St. Ry., 113 Mo.App. 680, 88 S.W. 765, an improper and unresponsive answer was given to a question, and an objection, without a motion to strike, was made to the answer. The court pointed out that the "usual practice in calling the attention of the court to unresponsive and improper statements contained in the answer of the witness is by motion to strike out such matter", and improper statements of witnesses must be pointed out to the court and objected to or the right to complain is waived. But, the court continued, "where it appears that objectionable statements in the answer of the witness have been made a subject of timely and specific complaint, the function of a motion to strike out is accomplished, and its purpose subserved. Such motion is but a form of objection, and is not devoid of legal equivalents." We think this is and should be the correct rule. There should be no particular magic in the use of certain words. The question is whether there

was a timely and sufficient communication to the trial court that a complaint was being made to the answer with a sufficient statement of the reason for the complaint. Compare *State v. Penn, Mo., 413 S.W.2d 281.* We distinguish this situation from that where the question is answered before the objection is made, and when made the objection is specifically directed to the question only and not the answer. See Russell v. Union Electric Co. of Mo., 238 Mo.App. 1074, 191 S.W.2d 278, and Radler v. St. Louis-San Francisco Ry. Co., 330 Mo. 968, 51 S.W.2d 1011.

Steeley v. Kurn, 348 Mo. 1142, 157 S.W.2d 212, contains language seemingly contrary to the above result. There, in a case under the Federal Employers' Liability Act, the defendant objected to certain "testimony" (according to the reported opinion) of plaintiff and the court sustained the objection. The defendant did not move to strike the answer, and it was stated, apparently by way of dictum, that "In this situation the answer was evidence for the consideration of the jury." The Waddell case was not mentioned, and cited in support of the above quoted statement was the Radler case, supra, and Boyd v. Kansas City, 291 Mo. 622, 237 S.W. 1001. In the Radler case the witness had testified with no objection that plaintiff was intoxicated. Then another question was asked which called for a self-serving answer and which was based on hearsay. An objection to this *question* was sustained. The court ruled that the previous answer that plaintiff was intoxicated was not stricken out by the ruling of the court in sustaining an objection to a subsequent question. In the Boyd case an objection to the *question* was made and sustained after answer with no motion to strike the answer. It cannot be determined with certainty from the Steeley opinion to what the objection was directed, but in view of the cases cited we

distinguish that case on the ground that there was not adequate communication to the trial court that the objection was to the answer.

Our conclusion, as it affects this case, is that the trial court properly sustained an objection, timely under the circumstances, to the hearsay answer of the witness that the window in the basement area had been "forced and entered," and whether or not the words usually employed in a motion to strike an objectionable answer were used, the trial court intended to and did rule, and properly so, that the hearsay testimony was not to be considered by the jury. Under these circumstances there is no competent evidence in the case from which a jury reasonably could find one of the essential elements of the offense of which defendant was charged.

Although defendant did not move for a judgment of acquittal pursuant to Criminal Rule 26.10, V.A.M.R., and did not specifically assign in his motion for new trial the insufficiency of the evidence to sustain the conviction, the imprisonment of an accused for the commission of a crime not sustained by competent evidence as a matter of law constitutes plain error affecting substantial rights within the meaning of Criminal Rule 27.20(c), V.A.M.R.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.