**STATE of Missouri, Respondent,**

v.

**Otis MONTGOMERY, Appellant.**

**No. 39613.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 5, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Thomas R. Motley, Asst. Public Defender, Bruntrager & Bruntrager, P. C., St. Louis, for appellant.

DOWD, Presiding Judge.

A case of burglary in the second degree.

Otis Montgomery was convicted of second degree burglary, and pursuant to the Second Offender Act was sentenced to ten years in the Missouri Department of Corrections. On appeal, Montgomery contends that the trial court erred in two respects. First, it is asserted that the trial court committed plain error in denying Montgomery's motion for a judgment of acquittal at the close of all the evidence because the State offered insufficient evidence on the "breaking" element. Second, it is asserted that the court committed plain error in

allowing the arresting officer to testify to a statement made by Montgomery's estranged wife.

■ In deciding the first point concerning the sufficiency of the evidence "after a verdict of guilty by a jury, the reviewing court accepts as true all evidence contained in the record tending to prove the defendant's guilt, whether such evidence is direct or circumstantial in nature, together with all favorable inferences that can be reasonably drawn therefrom and disregards all contrary evidence and inferences." *State v. Reed*, 453 S.W.2d 946, 949[5] (Mo.1970).

The following is a brief review of the facts adduced at trial. On the evening of April 25, 1976, Officer Dampier responded to a police call concerning a burglary in progress at 1480 Laurel. Upon his arrival, the officer observed that a pickup truck was backed into the garage on the premises. Inside the garage were the appellant, Montgomery, and a companion. When asked by the officer to explain his presence, Montgomery exhibited identification which contained his picture and stated his address as being 1480 Laurel. Montgomery explained that he and his friend were moving his belongings out of the garage. Before leaving, the officer verified this information with a resident at 1480 Laurel. The resident Montgomery's estranged wife, explained that the appellant had been absent from the premises for the past month, due to their separation. She further stated that Montgomery owned a pickup truck. Satisfied with the explanation, the officer left.

Shortly thereafter, Officer Dampier received another call about a burglary at 1480 Laurel. He returned to the premises after a request was made that the police meet the owner of the property at the Laurel address. The owner, Meyer Zavodnick, informed the officer that no one had permission to enter the garage.

Officer Dampier and Mr. Zavodnick next saw Montgomery in December 1976, when they identified him at the police station. At that time, Montgomery offered to make restitution to Zavodnick if the latter would drop the charges.

At the trial, Zavodnick testified that the garage was secured by an overhead lock as well as a rear door padlock type lock. The padlock had been pried open, and bundles of shingles, cabinets, and a bathtub were missing from the garage. The missing items were estimated to be worth approximately $400.00. Mr. Zavodnick further testified that he had last locked the garage 10 days prior to the burglary, but had checked it since, as was his habit.

Appellant contends that the State failed to show that either he or his companion broke the padlock or opened the door to the garage.

■ The State's case on this issue rests on circumstantial evidence. "In order to make a submissible case based upon circumstantial evidence, the facts and circumstances must 1) be consistent with each other, 2) be consistent with the hypothesis of the guilt of the accused, 3) be inconsistent with innocence, and 4) point so clearly to guilt as to exclude every reasonable hypothesis of innocence." *State v. Sallee*, 436 S.W.2d 246, 249–50 (Mo.1969). This general rule has been refined to mean that where a case rests upon circumstantial evidence, the circumstances need not be absolutely conclusive of guilt and they need not demonstrate the impossibility of innocence. *State v. Abbott*, 547 S.W.2d 853, 854 (Mo.App. 1977).

The appellant has cited four cases in support of his contention that the State proffered insufficient evidence of a "breaking". We are not persuaded that these cases warrant the reversal of the conviction.

The present case is distinguishable from *State v. Ewing*, 298 S.W.2d 439 (Mo.1957) because the owner of the burglarized premises in *Ewing* did not know of the "locked or unlocked status of the back window when he left the building less than 15 minutes prior to the defendant's entry." (298 S.W.2d 439, 443).

Similarly, in *State v. Williams*, 416 S.W.2d 71 (Mo.1967), the general manager of the burglarized premises did not testify

that the windows and doors were locked when he left the property, prior to the burglary. In the case at bar, however, the owner testified that he had left the garage locked, and had habitually checked it thereafter.

In *State v. Potter*, 530 S.W.2d 268 (Mo. App.1975), the appellant's conviction for second degree burglary was reversed because of insufficient circumstantial evidence to connect the appellant with the crime. In *Potter*, the tire marks found at the scene of the burglary were similar to those made by the vehicle which transported the defendant to a hospital. Such facts, inter alia, were held insufficient to support a conviction. The circumstantial evidence in the case at bar, however, was more formidable than that adduced in *Potter*.

In *State v. Anderson*, 555 S.W.2d 362 (Mo.App.1977) the court held the circumstantial evidence was sufficient to support a conviction. The accused therein was apprehended while escaping from the burglarized premises. The breaking was accomplished from the outside. In the present case, the appellant was questioned by police officers while on the burglarized premises, and the breaking was accomplished by prying the padlock from the outside.

■ From the evidence the jury could find that a burglary occurred; the padlock was pried open, the appellant's pickup truck was backed into the garage, the appellant was in the garage when the officer arrived on the scene, and the appellant was present in the garage without the owner's consent. Appellant's offer to make restitution to the owner, taken with the other evidence, precludes any reasonable hypothesis of innocence. Accordingly, we rule the first point against the appellant.

The second point raised by the appellant is that the trial court committed plain error in allowing Officer Dampier to testify to a statement made by the appellant's estranged wife. Although this testimony was not objected to at the trial, the appellant has requested our review pursuant to the plain error rule. Rule 84.13(c).

The testimony cited as objectionable by the appellant concerned a statement made by Mrs. Montgomery to Officer Dampier, to the effect that the appellant owned a pickup truck.

Section 546.260 RSMo 1969 provides that: "in no case shall husband or wife, when testifying under the provisions of this section for a defendant, be permitted to disclose confidential communications had or made between them in the relation of such husband and wife."

■ Confidential communications have been defined as such as are exchanged between husband and wife when they are alone. *Long v. Martin*, 152 Mo. 668, 54 S.W. 473, 475 (Mo.1899). Where the husband and wife are competent as witnesses for or against each other, either of them may testify to any fact ascertained by them independent of their marriage relation, and not by reason of the confidence emanating from the marriage relation. It is immaterial that the knowledge was acquired during the existence of that relation and pertains to the transactions of one or the other. *State v. Frazier*, 550 S.W.2d 590, 596 (Mo. App.1977).

■ Appellant's ownership of a pickup truck did not constitute a privileged confidential communication, such as would pass between husband and wife when they were alone. This being so, the case at bar is distinguishable from *State v. Pace*, 190 S.W. 15 (Mo.1916) which was cited by the appellant in support of his argument. In *Pace*, the wife was an active participant in the crime with which her husband was charged. Secondly, the objection was addressed to a detective's testifying to the wife's confession as to her theft of two rings. Both the husband and wife in *Pace* were concealing their possession of the stolen rings. Therefore, the extra judicial statement made by the wife concerned a matter held in confidence by the couple.

The cases relied upon by appellant are also distinguishable because the concept of interspousal immunity has undergone a metamorphosis since the decision was ren-

dered in *Pace*. (For a history of the development see *State v. Frazier, supra*.) After a comprehensive analysis the court in *Frazier* concluded:

> A spouse is now a competent witness against a defendant spouse in any criminal proceeding if the witness spouse willingly testifies; the option of doing so belongs to the witness spouse; and a witness is permitted, but may not be compelled, to testify in any criminal proceeding against a defendant spouse as to any relevant and admissible matter save confidential communications between the spouses. As the matters testified to by defendant's ex-wife in the instant case did not, by any stretch of the imagination, relate to or spring from a confidential communication, the 'interspousal immunity' argument tendered by defendant is without merit.

*Frazier*, supra, at 596.

█ Since the content of the communication was not privileged, Officer Dampier's testimony in this respect was permissible. Although this segment of Officer Dampier's testimony may be categorized as hearsay, the admission of hearsay which does not have an unequivocal effect on the jury or result in a miscarriage of justice is not prejudicial error. *Billings v. State*, 503 S.W.2d 57 (Mo.App.1973). In view of the strong evidence of guilt independent of this testimony, such hearsay may be regarded as merely cumulative to the other evidence fully proving the issue. *State v. Mills*, 521 S.W.2d 495 (Mo.App.1975).

Accordingly, we rule the second point against the appellant.

The judgment is affirmed.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.